## No. 327

19137—Northern Ohio Traction & Light Co. et al, v. Quaker City Oats Company, et al. Error to the Court of Appeals of Summit County.

997. REAL ESTATE—1. Title to a mill race, although by prescription, is an estate in land and granting of the right and easement to enter and occupy, conveys an interest in land and not merely an easement; and if such grant is "forever", it is perpetual and irrevocable.

2. Where part of the consideration for such grant is a continuing one, the grantees cannot, by abandoning the estate without consent of grantor, escape the continuing obligation.

ALLEN, J.

1. Works constructed on land for the use of water, such as ditches, canals, flumes, mill races, or reservoirs, are land. The title to a mill race constitutes an estate in land.

2. A grant to the grantees and "their respective successors and assigns forever" of "the right and easement to enter upon and occupy the land and estates of the grantors in the Cascade mill race" between certain points in the grant described, and "to construct and maintain poles, wires and other structures thereon proper and necessary for and to conduct and transmit electrical currents therewith, and to construct, maintain and operate a railroad thereon with electricity or other motive power, with all its necessary tracks, structures and appurtenances", when executed by parties who have title to the mill race by prescription, where the grant is unlimited in the nature and character of the occupancy in question, conveys an interest in land an not merely an easement.

3. Where an estate in a mill race is granted with the express disclaimer of warranty of title, and one of the covenants which is part of the consideration for the grant is that the grantees will maintain the flow of water upon the mill race, the grantees cannot by abandoning the estate in land thus conveyed without the consent of the grantors escape the obligation of their affirmative covenants.

4. When the grantees of a mill race take possession of and use the same for a number of years, and still retain and enjoy actual possession of part of such mill race and of other substantial benefits derived from the conveyance of parts of the said race, they cannot escape the obligation of the covenants entered into by them as part of the consideration for the conveyance.

5. When a grantor conveys all of his right, title and interest in real property to the grantees "forever", unless otherwise limited in the conveyance the covenants running with the land which constitute part of the consideration for the conveyance are perpetual and irrevocable.

Judgment affirmed.

Marshall, CJ., Day, Kinkade and Robinson, JJ., concur.

## No. 328

19245—State, ex rel. Thor Haavind, as Receiver in Bankruptcy of the Norske-Lloyd Insurance Co., Ltd., v. Charles C. Crabbe, as Attorney General, et al. In Mandamus.

1002. RECEIVERS—A receiver appointed in a foreign country has no standing in an Ohio court, except as it depends upon comity.

327. COURTS—When, upon consideration of judicial comity, a receiver of a foreign country may be recognized—Sec. 641 GC. does not apply when an insured policy holder within this state has not applied to the attorney general to bring an action for distribution.

747. MANDAMUS—It will not lie against attorney general under 641 GC. unless a person within the state has applied to him for distribution of insurance fund deposited to protect policy holders within the state.

ALLEN, J.

1. The standing in Ohio courts of a receiver appointed by a court in a foreign country depends upon comity only. As a matter of strict right the Courts of this state are not bound to recognize a receiver appointed in a foreign country.

2. While upon consideration of judicial comity the courts of this state may recognize a receiver appointed in another country, judicial comity does not require Ohio courts to recognize an alien receiver, applying under Section 641, General Code, for distribution of a fund which is held in this state for the benefit and security of the policy holders of an alien insurance corporation doing business within this state, no policy holder nor creditor having applied to the attorney general under Section 641, General Code, to bring an action for distribution.

3. A writ of mandamus will not issue to compel the attorney general of the state of Ohio to bring an action under Section 641, General Code, until after some person entitled to participate in the deposit in question, or the proceeds arising therefrom, has applied to the attorney general for the commencement of a civil action under such statute. Until all valid claims of domestic policy holders and creditors have been settled under the statute, a receiver appointed in a foreign country is not "a person entitled to participate in the deposit in question, or the proceeds arising therefrom" within the purview of Section 641, General Code.

Writ denied.

Marshall, CJ., Day, Kinkade and Robinson, JJ., concur.